**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 19-1268

——————————

JEROME I. KATZ,
Appellant

v.

COMMISSIONER SOCIAL SECURITY

——————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-04821)
District Judge: Honorable William J. Martini

——————————

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2019

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges*.

(Opinion Filed:  December 20, 2019)

——————————

OPINION*

——————————

————————————————

    * This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

The District Court affirmed the Social Security Administration's ("SSA") denial of Jerome Katz's disability insurance benefits. Its well-reasoned opinion explains how the findings of the administrative law judge ("ALJ") were supported by substantial evidence, why Katz received a full and fair hearing, and why Katz could not present new evidence. Finding no error in those conclusions, we will affirm.

## I. BACKGROUND

In 1982, Jerome Katz experienced a host of challenges including taxing work responsibilities, marital difficulties, and the loss of his home. As a result, he struggled with his co-workers and suffered anxiety, paranoia, and stress. For that reason, he sought state-sponsored disability benefits prompting a medical examination from three doctors who all concluded that he could not continue his job as a social worker. On that basis, New Jersey awarded Katz a state disability pension in 1986, with benefits retroactive to 1984. Since then, he has not held a steady job.

Katz's mental health continued to decline, so in 2012 he sought federal disability insurance benefits retroactive to 1982. As part of his application, he met with two SSA physicians. The first, James Conneran, M.D., opined that Katz, with some limitations, "could perform simple, routine work." (App. at 10, 31.) Dr. Conneran also found that Katz had "mild restriction of activities of daily living, . . . moderate difficulties in maintaining concentration, persistence or pace and no repeated episodes of decompensation." (*Id*. at 8, 31.) A second expert, Christopher Williamson, Psy.D., concluded Katz was completely disabled as of "the early 1980s."

2

Weighing these opinions, and other evidence, the SSA denied Katz's claim for federal disability benefits. Katz disagreed with that conclusion and sought review before an ALJ. The ALJ upheld the SSA's decision, agreeing with the SSA that Katz did not satisfy the criteria for federal benefits. Katz then administratively appealed, and sought to supplement the record with more documents, including post-adjudication reports by Dr. Williamson. But even with the benefit of these materials, the Appeals Council found that substantial evidence supported the ALJ's decision and denied the application. So Katz sought judicial review under 42 U.S.C. § 405(g). The District Court affirmed the administrative decision, and Katz filed this timely appeal.

## II. ANALYSIS

The District Court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. When reviewing the administrative findings, we are limited to considering whether the factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The deferential substantial-evidence standard only requires the administrative decision to be supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

### A. The Commissioner's Decisions Are Supported by Substantial Evidence

We begin by noting our focus on federal law. Katz already receives benefits from the State of New Jersey, and that award is not part of this action. To obtain federal disability insurance benefits, Katz must satisfy the five-step test codified at 20 C.F.R.

3

§ 404.1520(a)(4).[1] As Katz lacked gainful employment during the relevant period and documented severe impairments, the ALJ found he succeeded at the first two steps. *Id.* § 404.1520(a)(4)(i)–(ii). (App. 26.) At step three, the ALJ found that Katz did not meet the criteria for a per se disability under § 404.1520(a)(4)(iii). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2015). For Katz's impairments to qualify as a per se disability, he needs to meet the requirements for the affective disorder listing or the anxiety disorder listing. *Id.* §§ 12.04(A)–(C), 12.06(A)–(B) (2015). This includes showing he suffered from a marked restriction in daily activities; a marked restriction in maintaining concentration, persistence, or pace; or repeated episodes of decompensation. *Id.* §§ 12.04(B), 12.06(B).

There is substantial evidence in the record supporting the ALJ's determination that Katz did not satisfy this requirement. No doctor from the relevant time opined on whether Katz was totally disabled. Dr. Conneran found Katz only had mild to moderate restrictions in required areas and did not suffer from repeated episodes of decompensation. Dr. Williamson, a treating physician, disagreed with Conneran. But he began treating Katz decades after the relevant period. The ALJ was within her discretion to credit Conneran's

---

[1] As stated in the regulation, a claimant must not have substantial gainful employment and must have a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(i), (ii). He must also have either a qualifying disability or lack the residual functional capacity to perform his past work. *Id.* § 404.1520(a)(4)(iii), (iv). Finally, even if the claimant could not return to past work, benefits will be denied if the SSA can show that someone with the claimant's residual functional capacity, age, education, and work experience could adjust to other employment. *Id.* § 404.1520(a)(4)(v).

opinion instead of Williamson's and find that Katz fails to show a per se disability.[2]

The ALJ then considered whether Katz's impairment prevents him from performing his past work. 20 C.F.R. § 404.1520(a)(4)(iv). After finding that he could not return to his prior position as a social worker, the ALJ considered whether Katz possessed the residual capacity for alternative employment. (App. at 28.) To that end, the ALJ performed a residual functional capacity ("RFC") analysis, which concluded that Katz could accomplish "low stress . . . routine work" that avoids heights, dangerous machinery, and more than occasional interactions with the public and co-workers. (App. at 28.) The ALJ based that conclusion on a "careful consideration of the entire record," and explained her reasoning. (App. at 28–32.) For example, the ALJ highlighted Katz's long history of mental health issues and physical injuries leading to his inability to perform social work. On the other hand, the ALJ's RFC assessment found that Katz seldom took medications or received treatments. And the ALJ noted the lack of medical evaluations during the relevant period. Finally, the ALJ reviewed and credited Dr. Conneran's finding that Katz could perform simple, routine labor. Taken together, her well-reasoned analysis of the record is supported by substantial evidence.

Finally, as required by 20 C.F.R. § 404.1520(a)(4)(v), the ALJ found other jobs exist in significant numbers in the national economy that Katz could perform, based on his age, education, work experience, and the RFC analysis from step four. Katz attacks this finding

---

[2] The ALJ found no restriction on daily activities, despite Dr. Conneran's finding of a mild restriction. But this disparity is immaterial, as a mild restriction would not satisfy the test either.

on multiple fronts. First, he asserts that he could not perform any work during the relevant period. But he can point to no corroborating medical report from that time. Second, he argues that the ALJ should have credited a 2015 report by Dr. Williamson that Katz was totally disabled during the relevant period. But as the District Court identified, that report hinges on second-hand information, and the ALJ was within her discretion to reject that conclusion. Third, Katz argues that a hypothetical posed to a vocational expert during the proceedings was faulty. But his argument is simply a rehash of his argument at step four— a disagreement over the ALJ's determination of his RFC. And finally, he argues that the vocational expert relied on outdated scholarship. But no precedent supports this argument.

All in all, there is substantial evidence that Katz cannot meet the disability requirements for the relevant period. The District Court correctly denied Katz's application for disability insurance benefits, because the ALJ's decision was grounded in substantial evidence.

### B. Katz Was Not Denied a Full and Fair Hearing

Katz claims the ALJ impermissibly rushed his hearing to make a later appointment. While the ALJ twice commented that she had another engagement later that afternoon, both Katz and a vocational expert testified without limitation. Moreover, Katz's counsel said that he had no additional evidence and no further questions. So the hearing was not hurried to conclusion.

### C. Katz May Not Introduce Additional Evidence

Katz offers additional documents to rebut the ALJ's findings. Yet remand is appropriate only if Katz can show, for example, there was good cause for the delay in

presenting them. 42 U.S.C. § 405(g). He cannot. Some documents were authored after the administrative hearing, and Katz does not show why they could not have been prepared and presented earlier. Others were in Katz's possession at the time of the hearing, but inaccessible because of his tendency to hoard. We agree with the District Court that this is insufficient for Katz to show "good cause" for the delay. Remand is therefore inappropriate.

### III. CONCLUSION

The District Court properly found the ALJ's findings were supported by substantial evidence, and Katz received a full and fair hearing. For those reasons, we will affirm.